UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CURTIS JACKSON ET AL**           **CASE NO. 2:21-CV-01743**

**VERSUS**           **JUDGE JAMES D. CAIN, JR.**

**UNITED PROPERTY & CASUALTY INSURANCE CO**           **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 48] filed by defendant United Property & Casualty Insurance Company ("UPC"). Plaintiffs oppose the motion. Doc. 50.

## I.
### BACKGROUND

This suit arises from damage to plaintiffs' home in DeRidder, Louisiana, from Hurricane Laura, which struck Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. On August 27, 2020, the home was insured under UPC Policy No. ULH 55760940317 ("Policy I"), providing the following types of coverage:

| | Type | Limit |
|---|---|---|
| Coverage A | Dwelling | $214,000.00 |
| Coverage B | Other Structures | $21,400.00 |
| Coverage C | Personal Property | $160,500.00 |

|            | Coverage D | Loss of Use | $21,400.00 |

Doc. 48, att. 2, p. 5. On September 15, 2020, plaintiffs entered into a new policy with UPC, No. ULH 55760940317, covering the same property for a one-year period beginning on that date and providing the following types of coverage:

|            | Type             | Limit        |
|------------|------------------|--------------|
| Coverage A | Dwelling         | $223,000.00  |
| Coverage B | Other Structures | $22,300.00   |
| Coverage C | Personal Property| $167,500.00  |
| Coverage D | Loss of Use      | $22,300.00   |

*Id.* at 1.

The policies provide, under "Loss Settlement," that buildings insured under Coverage A and Coverage B are covered at replacement cost but that UPC "will pay no more than the actual cash value of the damage until actual repair or replacement is complete." *Id.* at 34–35. "Once actual repair or replacement is complete," it continues, UPC "will settle the loss as noted in 2.a. and b. above."[1] *Id.* at 35.

---

[1] Subsections 2.a and 2.b provide:
    a.    If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, without deduction for depreciation, but not more than the least of the following amounts:
        (1) The limit of liability under this policy that applies to the building;
        (2) The replacement cost of that part of the building damaged with material of like kind and quality and for like use; or
        (3) The necessary amount actually spent to repair or replace the damaged building.
If the building is rebuilt at a new premises, the cost described in (2) above is limited to the cost which would have been incurred if the building had been built at the original premises.
    b.    If, at the time of loss, the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building immediately before the loss, we will pay the greater of the following amounts, but not more than the limit of liability under this policy that applies to the building:
        (1) The actual cash value of that part of the building damaged; or

Plaintiffs submitted claims based on damage allegedly sustained in Hurricane Laura and Hurricane Delta, and assert that UPC failed to timely or adequately pay on those claims. They filed suit in this court on June 21, 2021, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1. The case proceeded through the streamlined settlement process outlined in the court's Case Management Order ("CMO") but did not resolve. Doc. 14. Accordingly, it is now set for jury trial before the undersigned on October 31, 2022. Doc. 15.

UPC asserts that it has made payments to plaintiffs based on its assessment of the actual cash value ("ACV") of the damaged portions of the dwelling, but that plaintiffs have not repaired their property. It also asserts that plaintiffs made no repairs to the property before Hurricane Delta. It thus brings this Motion for Partial Summary Judgment [doc. 48], seeking a court ruling that plaintiffs' recovery under Coverage A is limited to (1) the property's ACV and (2) a single policy limit for damage from both storms. Plaintiffs oppose the motion, arguing that (1) they have been unable to find a contractor willing to start repairs with the amount they have received so far from UPC and (2) they have documented segregable damages from the two storms and should be able to recover under separate policy limits for each storm. Doc. 30.

Plaintiffs admit that UPC has made the following payments: (1) $41,306.16 under Coverage A for Laura, (2) $47,689.12 under Coverage A for Delta, (3) $21,400 under

---

(2) That proportion of the cost to repair or replace, without deduction for depreciation, that part of the building damaged, which the total amount of insurance in this policy on the damaged building bears to 80% of the replacement cost of the building.

Doc. 48, att. 2, pp. 34–35.

Coverage B for Laura, (4) $6,726.09 for Delta, (5) $0 under Coverage C for either hurricane, (6) $15,894.06 under Coverage D for Laura, and (7) $0 under Coverage D for Delta. Doc. 50, p. 2; *see* doc. 48, atts. 17 & 18. They maintain, however, that "[t]he hurricanes rendered the home uninhabitable and a constructive total loss" and that the funds paid by UPC are inadequate to begin repair or replacement of the home. Doc. 50, pp. 2–3. They also assert that they are entitled to coverage under the two policy limits because "there were separate policies in effect for each hurricane and the damages are clearly segregable." *Id.* at 3.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

As the undersigned held in *Touchet v. UPC*, another Hurricane Laura case, the plain language of the policy in this matter provides that repair or replacement cost is not due until that work is complete. 2022 WL 710621 (W.D. La. Mar. 9, 2022); *see also Schumacher v. UPC*, No. 2:21-cv-1435, doc. 40 (W.D. La. Aug. 15, 2022). As in *Touchet*, UPC has made its motion in anticipation of a jury verdict and argues that the jury should be limited to considering its liability only in terms of ACV. Plaintiffs, however, have argued that they have been unable to start repair work because of the low amount of payments that they have received thus far from UPC.

As for plaintiffs' wish to apply separate policy limits, the court likewise addressed this issue in *Touchet* and *Schumacher*:

> As it relates to Coverage A, the court disagrees. "Louisiana law does not allow for double recovery of the same element of damages," which is in

> the nature of a punitive or exemplary award. *Albert v. Farm Bureau Ins. Co.*, 940 So.2d 620, 622 (La. 2006). The policy covers only one dwelling and the limits under Coverage A represent the replacement cost for that dwelling, as agreed to by plaintiffs when they purchased the policy. The court allows that recovery under separate policy limits would be justified in the event that plaintiffs had begun repairs following one occurrence and then suffered additional damage in the second. Here, however, plaintiffs have admitted that they made no repairs to the dwelling. Accordingly, holding UPC liable for two policy limits covering the same dwelling would amount to exemplary damages. Plaintiffs already have such a remedy available under Louisiana Revised Statutes §§ 22:1892 and 22:1973, and the motion must be granted in this regard.

2022 WL 710621 at *2. While plaintiffs contend that damage estimates following the respective storms show segregable damages, the evidence presented in this case provides no basis for doubling their potential recovery on the replacement cost value of the house. Accordingly, the motion will be granted in this regard.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 48] will be **DENIED IN PART** and **GRANTED IN PART**.

**THUS DONE AND SIGNED** in Chambers on the 21st day of September, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE